U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 AUG 28 AM 11: 16

CLERK

BY ⟨handwritten⟩
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

CHARLES GORDON, ALICIA GORDON, )
D.J. ENTERPRISES LLC, )
A.C. LAWN MOWING, )
DENIELLE GORDON, individually and )
doing business as DEN & COMPANY, )
)
Plaintiffs, )
)
v. ) Case No. 2:17-cv-00154
)
NEW ENGLAND CENTRAL )
RAILROAD, INC., )
)
Defendant. )

**ENTRY ORDER DENYING PLAINTIFFS' MOTION TO EXCLUDE LATE DISCLOSED EXPERT TESTIMONY OF DAVID CUTHBERTSON**
(Doc. 137)

Plaintiffs, Charles, Alicia, and Denielle Gordon (the "Gordons"), D.J. Enterprises LLC, and A.C. Lawn Mowing, (collectively, "Plaintiffs") bring this action against Defendant New England Central Railroad, Inc. ("Defendant"), alleging that Defendant's failure to appropriately maintain track facilities caused a railroad embankment adjacent to the Gordons' land located at 68 Old River Road in Hartford, Vermont (the "Property") to collapse following a July 1, 2017 rain event. Plaintiffs further allege that Defendant's efforts to repair the embankment resulted in a trespass on the Property. The First Amended Complaint ("FAC") asserts the following claims against Defendant: trespass (Count I); negligence (Count II); unlawful mischief in violation of 13 V.S.A. § 3701 (Count III); and unjust enrichment (Count IV).

Pending before the court is Plaintiffs' July 2, 2019 motion to exclude late disclosed testimony of David Cuthbertson. (Doc. 137.) Defendant opposed the motion

on July 16, 2019 and Plaintiffs replied on July 29, 2019, at which time the court took the pending motion under advisement.

Plaintiffs are represented by R. Bradford Fawley, Esq., and Timothy C. Doherty, Jr., Esq. Defendant is represented by Michael B. Flynn, Esq., Matthew M. Cianflone, Esq., and Mark D. Oettinger, Esq.

## I. Factual and Procedural Background.

The Gordons purchased the Property in 2009 for $150,000. Three buildings are situated on the Property: (1) a 1,120-square-foot, three-bay garage; (2) a 1,500-square-foot, five-bay garage; and (3) a 6,492-square-foot, mixed-use building. Prior to July 1, 2017, the mixed-use building was comprised of garage bays, warehouse storage space, a residential apartment, and commercial space that served as a day-care center and a beauty salon.

The Property is situated directly adjacent to Defendant's mainline railroad tracks. On July 1, 2017, more than four inches of rain fell in a twelve-hour period in Hartford, Vermont. Following the July 1, 2017 rain event, the railroad embankment adjacent to the Property collapsed, causing rocks and debris to enter and damage the mixed-use building on the Property.

Defendant's right-of-way includes three railroad culverts: a culvert at approximately Mile Post 16.23; a drop inlet culvert located at Mile Post 16.28 (the "Drop Inlet Culvert"); and a box culvert at Mile Post 16.32. On July 1, 2017, a metal plate covered the top of the open hole on the Drop Inlet Culvert. Plaintiffs allege that Defendant was aware that the metal plate obstructed drainage through the Drop Inlet Culvert prior to July 1, 2017, but negligently failed to remove or replace it. Plaintiffs further allege that, on July 1, 2017, the metal plate obstructed the flow of water into the culvert and caused the railroad embankment above the Property to collapse, ultimately resulting in damage to the mixed-use building on the Property.

Defendant seeks to introduce the expert witness testimony of David Cuthbertson to establish the cause of the railroad embankment collapse on July 1, 2017. Mr. Cuthbertson is the Assistant Vice President of Engineering at Genesee & Wyoming

Railroad Services, Inc., a subsidiary services company of Defendant's parent company, Genesee & Wyoming, Inc. He has a Bachelor of Science degree in civil engineering from Northeastern University and has worked in the railroad industry for the majority of his professional career. On July 2, 2017, Mr. Cuthbertson visited the railroad right-of-way adjacent to the Property to inspect the damage wrought by the July 1, 2017 rain event. He was also involved in the repair of the collapsed embankment that took place shortly thereafter.

On April 4, 2018, Plaintiffs deposed Mr. Cuthbertson, who testified that the railroad embankment had not collapsed previously and that the metal plate had been situated over the Drop Inlet Culvert for years without issue. He described his observations of the culverts surrounding the Defendant's right-of-way following the July 1, 2017 rain event and opined that the embankment had collapsed because the box culvert had become clogged with debris, preventing water from draining properly.

On November 30, 2018, the deadline for disclosure of expert witnesses, Defendant designated Mr. Cuthbertson as a "Non-retained Expert" and stated that "Mr. Cuthbertson may be called to offer opinions to a reasonable degree of engineering and professional certainty regarding his observations of the embankment collapse and the source of the flood water and the extent of damage that resulted from the July 2017 rain event. Mr. Cuthbertson's opinions are based on his education, training and experience, as well as his experience in railroad engineering structures and first[-]hand observations." (Doc. 137-2 at 5-6.)

On June 11, 2019, Plaintiffs asked Defendant to identify any opinions that it anticipated Mr. Cuthbertson would offer at trial. On June 24, 2019, Defendant produced a "Supplemental Disclosure for Non-retained Expert Dave Cuthbertson" which states in full:

> [New England Central Railroad, Inc. ("NECR")] has identified Dave Cuthbertson as a non-retained expert in this matter. As an engineer with extensive railroad experience, NECR reserves the right to elicit opinion testimony from him at trial on issues related to his education, training, experience and based on his first-hand, in-person observations of the

3

embankment and railroad tracks and property at issue, all of which he testified to during his April 4, 2018 deposition. Any opinions will be in line and/or consistent with his prior deposition testimony and may include the following:

- the July 2017 rain event was severe in terms of both the rain fall, the intensity of the storm and the widespread damage it caused;
- the box culvert was observed to be filled with debris immediately following the July 2017 rain event;
- the debris prevented water from draining through the box culvert as intended;
- the clogged box culvert flooded and contributed to wash out the railroad tracks immediately adjacent to it;
- the clogged box culvert also contributed to cause the embankment collapse; and
- the covered culvert, however, did not contribute to cause the embankment collapse.

Moreover, Mr. Cuthbertson is expected to testify, in accordance with his and other railroad testimony that the embankment at issue had never collapsed prior to the July 2017 rain event and that the covered culvert had existed for years without issue. See also David Cuthbertson's April 4, 2018 Deposition Transcript.

(Doc. 137-3 at 3-4.)

## II. Conclusions of Law and Analysis.

An expert witness who is not retained or specially employed to provide expert testimony is not required to produce a written report disclosing their opinions, but instead must submit a disclosure which states: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii). This disclosure requirement is "considerably less extensive" than the report that retained or specially employed experts are required to produce under Fed. R. Civ. P. 26(a)(2)(B), and courts "must take care against requiring undue detail[.]" Fed. R. Civ. P. 26 advisory committee's note.

Plaintiffs contend that Mr. Cuthbertson should not be permitted to offer expert opinion testimony because Defendant failed to disclose a "summary of the facts and opinions to which the witness is expected to testify" as required by Fed. R. Civ. P 26(a)(2)(C)(ii). Defendant counters that Mr. Cuthbertson was identified as a non-retained expert, a summary of his facts and opinions was disclosed, and his testimony will not include any opinions that were not discussed in his deposition.

Because Defendant timely disclosed Mr. Cuthbertson as a non-retained expert witness on November 30, 2018 and stated that he would testify "regarding his observations of the embankment collapse and the source of the flood water and the extent of damage that resulted from the July 2017 rain event[,]" (Doc. 137-2 at 5-6), and because Plaintiffs deposed Mr. Cuthbertson on April 4, 2018, no further disclosure was required. Mr. Cuthbertson will be confined to the Supplemental Disclosure and to the opinions he offered in his deposition. Plaintiffs will therefore not be prejudiced by being forced to confront new opinions or testimony at trial. *See Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013) (holding that although "[a]n expert's testimony at trial may . . . be limited to opinions properly disclosed[,] . . . questions asked at depositions may expand the scope of the expert's testimony").

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to exclude late disclosed expert testimony of Mr. Cuthbertson is DENIED. (Doc. 137.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 28th day of August, 2019.

Christina Reiss, District Judge
United States District Court

5